REITMAN PARSONNET, P.C.
Bennet D. Zurofsky (BZ-2005)
Joseph S. Fine (JF-9879)
744 Broad Street
Newark, New Jersey 07102
Tel: 973-622-8347

Counsel for Plainitffs
[Additional counsel appear on signature page]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NICK AQUILINO and AHMED ELMAGRABHY, individually and on behalf of all persons similarly situated,<br><br>     Plaintiffs,<br><br>   -against-<br><br>THE HOME DEPOT, INC., ILLEANA L. CONNALLY, THE MAINTENANCE WAREHOUSE FUTURE BUILDER ADMINISTRATIVE COMMITTEE and JOHN DOES 1-10,<br><br>     Defendants. | Civil Action No.<br><br><br>**CLASS ACTION COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

Plaintiffs, by their attorneys, as and for their complaint against

Defendant named herein, allege as follows upon information and belief:

**NATURE OF THE ACTION**

1.  Plaintiffs allege, on behalf of themselves and other similarly

situated current employees of the Defendant, that under both federal and state

wage laws, they are entitled to be paid for all hours spent working and to

receive overtime pay for all hours worked over 40 hours per week.  Plaintiffs

allege that during the relevant times described herein defendant Home Depot,

Inc. ("Home Depot") had a pattern and practice carried out on a nationwide basis of deliberately misclassifying plaintiffs and other class members as "exempt" employees for the purpose of federal and state overtime law in order to save millions of dollars in employee compensation and retirement benefits by requiring plaintiffs to work in excess of 40 hours per week without paying time-and-a-half for all hours worked in excess of 40 hours.

2.     This action is brought as a class action pursuant to N.J.S.A. 34:11-56a, et seq. (1966), New Jersey Wage and Hour Law and the statutory laws of the States of Alaska, Arkansas, Colorado, Connecticut, District of Columbia, Illinois, Indiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Missouri, Montana, Nevada, New Mexico, New York, North Carolina, North Dakota, Ohio, Oregon, Pennsylvania, Washington and Wisconsin.  This action is also brought as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, 207 and 216(b) to recover unpaid wages for overtime work performed for which plaintiffs were not paid time-and-a-half and liquidated damages and interest.

3.     Plaintiffs also allege that defendants violated the Employment Retirement Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq., by failing to record and maintain accurate records and by failing to credit service as required under ERISA thereby depriving plaintiffs of benefits otherwise due to them and unlawfully discriminating among similar classes of employees.

4.     Through their class-wide claims, plaintiffs seek injunctive and declaratory relief, compensation and credit for all uncompensated work

required, suffered, or permitted by Home Depot, liquidated and/or other damages as permitted by applicable law, restitution and disgorgement of all benefits defendants obtained from their unlawful business practices, and attorneys' fees and costs.

## JURISDICTION AND VENUE

5.     The Court has original subject matter jurisdiction over this action pursuant to ERISA, 29 U.S.C. §§ 1001, et seq., Section 216(b) of the FLSA, 29 U.S.C. §§ 201, et seq., and Section 502 of ERISA, 29 U.S.C. §§ 1132 and supplemental jurisdiction over Plaintiffs' state law and common law claims pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to Plaintiffs' federal claims that they form a part of the same case or controversy between the parties.  The Plaintiffs do not bring any claims under any collective bargaining agreement.

6.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(a).

## THE PARTIES

7.     Plaintiff Nick Aquilino is a current employee of Defendant Home Depot who, within the applicable period of limitations prior to the commencement of this action, was unlawfully deprived of wages due and owing to him by Defendant.  At all relevant times, plaintiff Aquilino has been a participant in the Maintenance Warehouse Future Builder Plan (the "Plan") within the meaning of Section 3(2) of ERISA, 29 U.S.C. §§ 1102(2) and is an employee benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3).

8.    Plaintiff Ahmed Elmagrabhy is a current employee of Defendant Home Depot who, within the applicable period of limitations prior to the commencement of this action, was unlawfully deprived of wages due and owing to him by Defendant.  At all relevant times, plaintiff Elmagrabhy has been a participant in the Maintenance Warehouse Future Builder Plan (the "Plan") within the meaning of Section 3(2) of ERISA, 29 U.S.C. §§ 1102(2) and is an employee benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3).

9.    Plaintiffs' federal FLSA claims are brought as an "opt-in" collective action claims pursuant to the FLSA; the ERISA; state law and common law claims are brought as a conventional class action pursuant to Fed.R.Civ.P. 23.

10.    Defendant Home Depot, Inc. ("Home Depot") is a Delaware corporation with its principal executive offices located at 2455 Pace Ferry Road, N.W., Atlanta, Georgia.  It is the world's largest home improvement retailer and owns and operates over 1,515 retail stores throughout the United States and over 70 stores in New Jersey.

11.    Defendant Illeana L. Connally is a member of the defendant Committee described herein.

12.    At all relevant times, defendant Home Depot has been the plan sponsor of the Plan within the meaning of Section 3(16)(B) of ERISA, 29 U.S.C. § 1002(21)(A).  Notwithstanding that the governing instrument of the Plan designates a Plan Administrator as the named fiduciary, as described below, with power to administer, interpret, construe and apply the terms of the plans,

at all relevant times, Home Depot, as sponsor of the Plan, through its employees, including those who are members of the Plan Administrator, has exercised actual responsibility, authority and/or control with respect to these functions and others.  In particular, employees of Home Depot, including members of the Plan Administrator, have exercised actual authority and control over the following under the Plan: determination of employees' hours of service under the terms of the plan; determination of employees' status as participants under the terms of the plan; determination of employees' accrued benefits under the terms of the plan; determination of employees' eligibility for benefits under the terms of the plan; deciding to use Home Depot payroll records to determine hours of service under the terms of the plan; record-keeping with regard to hours of service; reviewing hours of service under the plan.  By reason of these facts, and possibly others, at all relevant times defendant Home Depot has exercised actual responsibility, authority and/or control with regard to the management and/or administration of the Plan and/or has had discretionary authority or responsibility in the administration of that plan.  Home Depot's actual exercise of responsibility, authority and/or control and/or its having discretionary authority or responsibility has included, but not been limited to, with regard to the crediting of hours of service under those plans and the determination of the amount of contributions to be made on behalf of each participant.

13.    Defendant The Maintenance Warehouse Future Builder Plan Administration Committee (the "Committee") was appointed by the Board of

Directors of Home Depot and at all relevant times has been and continues to be the administrator of the Plan within the meaning of Section 3(16)(A) of ERISA, 29 U.S.C. § 1002(16)(A), the named fiduciary of that plan within the meaning of Section 402(a)(1) of ERISA, 29 U.S.C. § 1102(a)(1), and a fiduciary of that plan within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

14.     John Does 1-10 are the members of the defendant Committee whose identities are as yet unknown.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

### A.     The ERISA Class

15.     Plaintiffs bring the First and Second Claims for Relief for violations of ERISA as a nationwide class action pursuant to Fed. R. Civ. P. 23(a) and (b)(1), (b)(2) and/or (b)(3) as representatives of a proposed Plaintiff Class of employees of Home Depot throughout the United States who were or are employed as Assistant Managers, at any time within the applicable statute of limitations period.  All plaintiffs are members of the Class on whose behalf all claims alleging violations of ERISA are brought.  These ERISA claims do not include any claims for relief arising out of any periods of employment in any position other than as an Assistant Manager.

16.     The Plaintiff Class is so numerous that joinder of all members is impracticable.  Plaintiffs are informed and believe, and on that basis allege, that during the Class Period, in excess of five hundred persons have been employed by defendant Home Depot as Assistant Managers.  Although the exact number and identities of Class and Subclass members are unknown to

plaintiffs at this time, this information is readily ascertainable from Home Depot through discovery of its payroll and personnel records.

17.     Questions of law and fact common to the Plaintiff Class as a whole include, but are not limited to, the following:

(a)     Whether defendants have failed and/or continue to fail to maintain accurate records of actual time worked by the plaintiffs and prospective Class members;

(b)     Whether defendants have failed and/or continue to fail to record or report all actual time worked by the plaintiffs and prospective Class members;

(c)     Whether defendants have failed and/or continue to fail to provide accurate wage statements itemizing all actual time worked and wages earned by the plaintiffs and prospective Class members;

(d)     Whether the Plan has credited plaintiffs and prospective Class members with all hours for which they were paid or entitled to be paid, as required by ERISA;

(e)     Whether the Pension Plan has credited plaintiffs and prospective Class Members with all hours for which they were paid or entitled to be paid, as required by ERISA; and

(f)     Whether defendants have violated ERISA by their failure to credit plaintiffs and prospective Class members with all hours and compensation for which they were paid or entitled to be paid.

### B.    <u>The Compensation Class</u>

18.    Plaintiffs sue the defendant Home Depot on their own behalf and on behalf of a class of persons consisting of Home Depot employees throughout the United States who were improperly classified as "exempt" employees and deprived of wages by defendant's failure to pay time-and-a-half for all hours worked in excess of 40 hours per pay period.  Certification for this Class is sought under Rule 23(b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

19.    The class period for the state law and common law claims begins at the earliest on August 6, 1998 and continues through the present and for so long as Home Depot's illegal wage practices continue.

20.    The persons in the Class identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, facts upon which the calculation of that number can be made are presently within the sole control of Defendant.  Upon information and belief, there are hundreds of members of the Class based upon the fact that during the Class Period Home Depot operated over 1,500 stores throughout the United States.

21.    There are questions of law and fact common to this Class which predominate over any questions solely affecting individual members of the Class, including:

(a)    whether Plaintiffs and Class members are non-exempt employees of Home Depot; and

(b)     whether Defendant engaged in a continuing policy, pattern or practice of misclassifying Assistant Managers as "exempt" employees, including the Plaintiffs and prospective Class members, to allow Home Depot to require Assistant Managers to perform work in excess of 40 hours per week without compensating the employees at time-and-a-half for all hours worked beyond 40 hours.

22.     The claims of the representative parties are typical of the claims of the Class because Plaintiffs' claims encompass the challenged practices and course of conduct engaged in by Defendant as alleged herein and because Plaintiffs' legal claims arise out of the same course of conduct and are based on the same legal theories as the claims of the class.

23.     The representative plaintiffs will fairly and adequately protect the interests of the Class.

24.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of this litigation where no individual employee can justify the commitment of the large financial resources to vigorously prosecute a lawsuit in federal court against the corporate defendant.

25.     The Defendant has acted or has refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

C.      **The FLSA Collective Action**

26.    Plaintiffs bring their claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA (29 U.S.C. § 216(b)), on behalf of all employees of Home Depot who were, are, or will be employed by Home Depot during the period of three years prior to the date of commencement of this action through the date of judgment in this action, who were improperly classified as "exempt" employees and who were not compensated at one and one-half times the regular rate of pay for all work performed in excess of forty (40) hours per work week.

27.    The claim for relief for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to § 16(b) of FLSA, 29 U.S.C. § 216(b), for all FLSA claims asserted by the Plaintiffs, since the FLSA claims of the Plaintiffs are similar to the FLSA claims of all Assistant Managers employed by Home Depot.

## STATEMENT OF FACTS

A.      **Home Depot' Compensation Practices
       Require Plaintiffs And Other Assistant Managers
       To Work In Excess Of 40 Hours Per Work
       Week Without Being Paid Time-And-A-Half**

28.    Plaintiffs were employed by Home Depot as Assistant Store Managers ("ASMs") at various of its stores in New Jersey.

29.    During the employment period, all Assistant Managers, including Plaintiffs were required to work at least 55 hours per week as a matter of Home Depot's stated policy and job description of Assistant Managers.

30.     Plaintiffs and members of the Class were identified as "exempt" employees by defendant and paid on a salary basis.  However, Plaintiffs and members of the Class devoted minimal, if any, time to non-exempt duties. Plaintiffs' primary duties consisted of non-customer service related work known as "tasking," none of which involved the exercise of authority or management.

31.     Defendant has a pattern and practice of requiring employees to render services in excess of 40 hours per week without any additional compensation.  Plaintiffs and members of the Class were scheduled and required to work a minimum of 55 hours per week but were not compensated at time-and-a-half for hours in excess of 40 hours per week.  Nor did the misclassified employees receive adequate employer contributions for FICA and other employer payroll taxes.

32.     Plaintiffs and others similarly situated are not "exempt" employees under applicable law.  Plaintiffs had no authority to hire or fire other employees within Home Depot.  Nor did plaintiffs have any input regarding store staffing. Plaintiffs' respective job responsibilities were devoid of any duties pertaining to the management of their respective Home Depot stores.

33.     Plaintiffs' non-managerial job responsibilities and workload overwhelmed any managerial or strategic duties and, accordingly, Assistant Managers do not constitute an exempt class of Home Depot employees.

34.     The unlawful conduct by Defendant is not inadvertent, de mimimis, isolated or sporadic but widespread, repeated and part of a pattern and practice of conduct affecting all Defendant's employees.

35.   Upon information and belief, other stores operated by Defendant in the states enumerated herein imposed the same policies upon its Assistant Managers.

**B.   The Misclassification Of Assistant Managers As "Exempt" Employees Has Resulted In A Deprivation Of Benefits Under The Plan**

36.   The Plan is a defined contribution plan covering substantially all employees of The Home Depot Supply, Inc. (formerly known as Maintenance Warehouse/America Corp.) and the employees of certain subsidiaries. Employees are eligible to become participants on the first quarterly entry date (January 1, April 1, July 1, October 1) following the completion of 12 months of service and 1,000 hours.  The Plan is administered by the Administrative Committee made up of employees of Home Depot U.S.A., Inc.

37.   Participants may elect to contribute up to 50% of their pretax compensation to the Plan.  Participants may also contribute amounts representing eligible rollover distributions from other qualified retirement plans.  The Company provides matching contributions of 150% of the first 2% of eligible compensation contributed by a participants and 100% of the next 3% to 5% of eligible compensation contributed by a participant.  Additional amounts may be contributed at the option of the Company's board of directors. The Company's matching contribution is invested based on the direction of the participant with investment in The Home Depot, Inc. Common Stock Fund as a default if no direction is given.

38.    Effective January 1, 2000, eligible nonhighly compensated employees receive a supplemental annual matching contribution of 4.5% of compensation.  Eligible employees were employed on or before July 1, 1999 and are actively employed at December 31 of each calendar year.  In addition, the participant must have enrolled in the Plan on or before December 31, 1999 and continuously contributed at least 3% of compensation to the plan.

39.    Defendants' misclassification of Assistant Managers delays the eligibility of Assistant Managers for the accrual of benefits of the Plan and deprives them of supplemental annual matching contributions based on amount of compensation.

## FIRST CLAIM FOR RELIEF

### On Behalf Of The ERISA Class Against All Defendants And Does 1-10
### (Section 502(a)(3) of ERISA, Based On Failure To Maintain Records)

40.    The Plaintiffs, on behalf of themselves and all prospective members of the ERISA Class, reallege and incorporate by reference each and every paragraph set forth above as if they were set forth again herein.

41.    Section 209(a)(1) of ERISA, 29 U.S.C. § 1059(a)(1), requires an employer which sponsors an employee benefit plan to maintain records with respect to each of its employees sufficient to determine the benefits due or which they may become due to such employees pursuant to that plan.

42.    Sections 202, 203 and 204 of ERISA, 29 U.S.C. §§ 1052, 1053 and 1054, set forth minimum standards with regard to participation, vesting, and accrual of benefits in employee pension benefit plans.  Each of these provisions of ERISA requires that the plans take into account "hours of service" as that

term is defined in regulations promulgated by the U.S. Secretary of Labor.  In 29 C.F.R. § 2530.200b-2, the Secretary of Labor has defined an hour of service as, inter alia, "each hour for which an employee is paid, or entitled to payment, for the performance of duties for the employer...."

43.     Pursuant to the terms of the Plan, plaintiffs' rights to accrue benefits under the plan, share in contributions to the plan and/or other aspects of plaintiffs' rights under the plan depend, in part, on plaintiffs' compensation which is dependent on the hours of service for non-exempt employees such as Assistant Managers.

44.     By defendants' failure to record and/or report all of the hours worked by its Assistant Managers, including the plaintiffs and members of the ERISA Class, defendants have failed to maintain records with respect to each of its employees sufficient to determine the benefit accrual rights of its plan participants, in violation of Section 209(a)(1) of ERISA.

45.     To remedy this violation of ERISA by defendants, plaintiffs on behalf of themselves and members of the ERISA Class seek injunctive relief and such other equitable relief as the Court deems just and proper, as provided by Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

46.     Plaintiffs on behalf of themselves and members of the ERISA Class, seek recovery of their attorneys' fees, expenses and costs of action to be paid by Home Depot, as provided by Section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1).

## SECOND CLAIM FOR RELIEF

### On Behalf Of Plaintiffs And The ERISA Class
### Against All Defendants And Does 1-10
### (Pursuant To Section 502(a)(3) of ERISA To Remedy Failures To Credit Service)

47.     The Plaintiffs, on behalf of themselves and all members of the ERISA Class, reallege and incorporate by reference each and every paragraph set forth above as if they were set forth again herein.

48.     Section 404(a)(1) of ERISA, 29 U.S.C. § 1104(a)(1), requires employee benefit plan fiduciaries to discharge their duties with respect to the plan solely in the interest of the participants and beneficiaries and, inter alia, (1) for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administration; (2) with the care, skill, prudence, and diligence under the circumstances that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of like character and with like aims; and (3) in accordance with the documents and instruments governing the plan.

49.     At all relevant times, the defendants had discretionary authority, responsibility, and/or control with respect to the crediting of hours of service and compensation, thereby rendering the defendants fiduciaries and exercised same.  By reason of the exercise of such discretion, the defendants have been fiduciaries of the Plan.

50.     Defendants have breached their fiduciary duties by failing to credit as hours of service and compensation and overtime performed by Assistant

Managers employed by Home Depot and by misclassifying plaintiffs and members of the ERISA class as exempt.

51.     Pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), plaintiffs, on behalf of themselves and all members of the ERISA Class, seek an injunction requiring defendants to credit all members of the ERISA Class with hours of service and compensation for all of the past and future work performed by those Class members and compensation therefore and benefits due.

52.     Plaintiffs on behalf of themselves and members of the ERISA Class, seek recovery of their attorneys' fees and costs of action to be paid by defendants, as provided by Section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1).

**THIRD CLAIM FOR RELIEF**
**Against Defendant Home Depot**
**(Under New Jersey State Wage and Hour Law**
**For Overtime Compensation and The Laws Of The**
**States of Alaska, Arkansas, Colorado, Connecticut,**
**District of Columbia, Illinois, Indiana, Maine, Maryland,**
**Massachusetts, Michigan, Minnesota, Missouri, Montana,**
**Nevada, New Mexico, New York, North Carolina, North**
**Dakota, Ohio, Oregon, Pennsylvania, Washington and Wisconsin)**

53.     The Plaintiffs, on behalf of themselves and all prospective members of the Class, reallege and incorporate by reference each and every paragraph as if they were set forth again herein.

54.     N.J.S.A. 12:56-7.1 defines "exempt" employees as any employee:

> (1) whose primary duty consists of the management of
> the enterprise in which he or she is employed or of a
> customarily recognized department or subdivision
> thereof; and (2) who customarily and regularly directs
> the work of two or more other employees therein; and
> (3) who has the authority to hire or fire other

16

employees or whose suggestions and recommendations
as to the hiring and firing and as to the advancement
and promotion or any other change of status of other
employees will be given particular weight; and (4) who
customarily and regularly exercises discretionary
power; and (5) who devotes less than 20 percent of his
or her work week to non-exempt work or less than 40
percent if employed by a retail, or service
establishment, provided that in either case he or she
retains his or her role as manager and supervises two
or more full time employees; and (6) who is
compensated for his or her services on a salary basis
exclusive of gratuities, board, lodging or other
facilities, at a rate of not less than $400.00 per week.

55.    Similarly, the labor laws of other states[1] where Defendant owns

and operates retail stores require time-and-a-half for all hours worked in

excess of 40 hours per pay period.

56.    During the Class Period, Defendant classified plaintiffs as "exempt"

employees.

57.    During the Class Period, Plaintiffs never performed the duties

which would qualify Plaintiffs as "exempt" employees pursuant to N.J.C.A.

12:56-7.1 and other analogous laws of the states of Alaska, Arkansas,

Colorado, Connecticut, District of Columbia, Illinois, Indiana, Maine, Maryland,

Massachusetts, Michigan, Minnesota, Missouri, Montana, Nevada, New Mexico,

New York, North Carolina, North Dakota, Ohio, Oregon, Pennsylvania,

Washington and Wisconsin.

58.    Defendant derived benefits by classifying Plaintiffs as "exempt"

employees in that they failed to pay Plaintiffs time-and-a-half for all hours

---

[1]    Alaska, Arkansas, Colorado, Connecticut, District of Columbia, Illinois, Indiana, Maine,
Maryland, Massachusetts, Michigan, Minnesota, Missouri, Montana, Nevada, New Mexico, New
York, North Carolina, North Dakota, Ohio, Oregon, Pennsylvania, Washington and Wisconsin.

worked in excess of 40 hours per pay period.  Nor did the misclassified employees receive adequate employer contributions for FICA and other employer payroll taxes.

59.    As a result of the foregoing, Plaintiffs and members of the Class have been damaged in an amount to be determined at trial.

60.    Plaintiffs, on behalf of themselves and other members of the Class, waive any right to penalties under New Jersey Wage and Hour Law.

### FOURTH CLAIM FOR RELIEF
### On Behalf of Plaintiffs And All Opt-In
### Assistant Managers Against Defendant Home Depot
### (FLSA Claims, 29 U.S.C. § 201 et seq.)

61.    The Plaintiffs, on behalf of themselves and all prospective members of the Class, reallege and incorporate by reference each and every paragraph as if they were set forth again herein.

62.    At all relevant times, defendant Home Depot has been, and continues to be, an "employer" engaged in interstate commerce, and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.  At all relevant times, defendant has employed, and continues to employ, "employee[s]," including the plaintiffs, and each of the members of the FLSA Opt-Ins, that have been, and continue to be, engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.  At all relevant times, defendant has had gross operating revenues in excess of $500,000.

63.    At all relevant times, Defendant has engaged, and continues to engage, in a willful policy, pattern, or practice of requiring or permitting their employees, including the Plaintiffs, and members of the prospective FLSA

Class, employed at Defendant's stores, to misclassify Assistant Managers as exempt employees in order to require Assistant Managers to perform work in excess of 40 hours per week without compensating such employees for work performed at the applicable rate.

64.    At all relevant times, the work performed by Assistant Managers, including the Plaintiffs and prospective FLSA Opt-Ins, employed at Defendant's stores, was, and continues to be, required or permitted by Defendant, for the benefit of Defendant, directly related to such employees' principal employment with Defendant, and as an integral and indispensable part of such employees' employment of Defendant's stores.

65.    As a result of the Defendant's willful failure to record or compensate its employees – including the Plaintiffs and members of the prospective FLSA Class – employed at Defendant's stores for all hours worked, Defendant has violated, and continues to violate, the maximum hours provision of the FLSA, 29 U.S.C. § 207(a)(1), and § 215(a).

66.    As a result of the Defendant's willful failure to record, report, credit, and/or compensate its employees employed at Defendant's stores, including the Plaintiffs and members of the prospective FLSA Class, Defendant has failed to make, keep and preserve records with respect to each of their employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, including 29 U.S.C. §§ 211(c) and §§ 215(a).

67.     The foregoing conduct, as alleged, violated the FLSA, 29 U.S.C. §§ 201 et seq.

68.     The Plaintiffs, on behalf of themselves and all FLSA Opt-Ins, seek damages in the amount of their respective unpaid compensation, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

69.     The Plaintiffs, on behalf of themselves and all FLSA Opt-Ins, seek recovery of attorneys' fees and costs of action to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

70.     At all times relevant to this action, Plaintiffs were employed by Defendant within the meaning of the FLSA.

71.     At all times relevant to this action, Plaintiffs were engaged in commerce and/or the production of goods for commerce and/or Defendant was an enterprise engaged in commerce or in the production of good for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

72.     Due to Defendant's FLSA violations, Plaintiffs are entitled to recover from Defendant their unpaid compensation, an additional equal amount as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

## FIFTH CLAIM FOR RELIEF
## (Quantum Meruit)

73.    The Plaintiffs, on behalf of themselves and all prospective members of the Class, reallege and incorporate by reference each and every paragraph as if they were set forth again herein.

74.    Home Depot, at all times material to this Complaint, was aware that Plaintiffs were primarily performing non-managerial duties in excess of 40 hours per week, as Home Depot supervisors directed Plaintiffs to ensure that assigned work was done.

75.    The hours that Plaintiffs worked in excess of 40 hours per week were at the direction and behest of Home Depot and the benefits thereby conferred on Home Depot were accepted and appreciated by it.

76.    Home Depot is liable to Plaintiffs and the Class under quantum meruit for all work performed by Plaintiffs for Home Depot in excess of 40 hours.

## SIXTH CLAIM FOR RELIEF
## (Unjust Enrichment)

77.    The Plaintiffs, on behalf of themselves and all prospective members of the Class, reallege and incorporate by reference each and every paragraph as if they were set forth again herein.

78.    Plaintiffs and members of the Class have worked for and continue to work in excess of 40 hours per pay period without appropriate compensation from the Defendant.  Such work constitutes a benefit to the Defendant by Plaintiffs and the Class.

79.   The benefit was and is appreciated by the Defendant.

80.   The benefit was accepted and is being accepted by the Defendant under such circumstances that it would be inequitable for it to be retained without payment.

81.   Accordingly, Defendant is liable to the Plaintiffs and the Class for all hours worked or which will be worked in the future above 40 hours per pay period for which the Defendant has not paid the Plaintiffs and the Class time-and-a-half.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully requests that this Court grant the following relief:

A.   Certify this case as a class action on behalf of the ERISA Class and the Compensation Class pursuant to Fed. R. Civ. P. 23(b)(1), (b)(2) and (b)(3);

B.   Declare Defendant's conduct complained of herein to be in violation of the Plaintiffs' rights under the FLSA and Federal and State Labor Law;

C.   Award Plaintiffs and the Class their unpaid compensation due under the laws of New Jersey and other states;

D.   Award Plaintiffs their unpaid wages, benefits and unpaid employer payroll tax contributions due under the FLSA;

E.      Award Plaintiffs an additional equal amount as liquidated damages because of Defendant's willful failure to pay overtime pay pursuant to 29 U.S.C. § 216;

F.      Award Plaintiffs prejudgment interest;

G.      For the ERISA claims: (1) Declaration that defendant Home Depot has violated Section 209(a) of ERISA, 29 U.S.C. § 1129(a); (2) appropriate equitable and injunctive relief to remedy Home Depot's violation of Section 209(a) of ERISA; (3) a declaration that defendants have breached their fiduciary duties by failing to credit the plaintiffs and all Class members with hours of service for all work performed, as required by ERISA and under the terms of the Plan; (4) an order requiring defendants to remedy their breaches of fiduciary duty by crediting all Class members with hours of service for all of their past, present and future uncompensated work through proper allocations and/or further contributions to the Plan; (5) such other relief as the Court may deem just and proper; and attorneys' fees and costs of suit;

H.      Award Plaintiffs the costs of this action together with reasonable attorneys' fees, and such other and further relief as this Court deems necessary and proper.

## <u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.

Dated:      August 23, 2004

REITMAN PARSONNET, P.C.

By:_____/s/_____
        Joseph S. Fine (JF-9879)
        Bennet D. Zurofsky (BZ-2005)
744 Broad Street
Newark, New Jersey 07102
Tel: 973-622-8347

SQUITIERI & FEARON, LLP

By:_____/s/_____
        Olimpio Lee Squitieri (OLS-1684)
13 James Street
Morristown, New Jersey 07960
Tel: 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

-and-
32 East 57th Street
12th Floor
New York, New York 10022
Tel: 212-421-6492

DEUTSCH RESNICK, P.A.

By:_____/s/_____
        Neil H. Deutsch (ND-75775)
        Gerald J. Resnick (GR-5741)
One University Plaza
Suite 305
Hackensack, New Jersey 07601
Tel: 201-498-0900

OF COUNSEL:

BAHAN & ASSOCIATES
Della Bahan
140 South Lake Avenue
Suite 230
Pasadena, California 91101
Tel: 626-796-5100